# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-221 PA (GJSx) | | Date | September 9, 2019 |
|---|---|---|---|---|
| Title | Board of Trustees of the Cal. Ironworkers Field Pension Trust, et al. v. Precision Steel - Post Tension, LLC | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiffs Board of Trustees of the California Ironworkers Field Pension Trust, Board of Trustees of the California Ironworkers Field Welfare Trust, Board of Trustees of the California Field Ironworkers Vacation Trust Fund, Board of Trustees of the California Field Ironworks Apprenticeship Training and Journeyman Retraining Fund, Board of Trustees of the California and Vicinity Field Ironworkers Annuity Trust Fund, Board of Trustees of the California Field Ironworkers Administrative Trust, Board of Trustees of the California Field Ironworkers Labor Management Cooperative Trust Fund, Board of Trustees of the Ironworkers Workers' Compensation Trust, and Board of Trustees of the Ironworker Management Progressive Action Cooperative Trust (collectively "Plaintiffs" or "Trusts") (Docket No. 21).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 16, 2019, is vacated, and the matter taken off calendar.

Plaintiffs commenced this action on January 10, 2019.  Plaintiffs' Complaint alleges claims against defendant Precision Steel – Post Tension, LLC ("Defendant") for breach of contract and for delinquent contributions to multiemployer trust funds, an accounting, monies had and received, restitution, and declaratory relief against 14 entities for unpaid residuals owed to Film Musicians Secondary Markets Fund (the "Fund").  Plaintiffs served Defendant with the Summons and Complaint no later than June 3, 2019.  The Clerk entered Defendant's default on July 16, 2019.

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment.  The Court need not make detailed findings of fact in the event of a default judgment.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-221 PA (GJSx) | Date | September 9, 2019 |
|---|---|---|---|

| Title | Board of Trustees of the Cal. Ironworkers Field Pension Trust, et al. v. Precision Steel - Post Tension, LLC |
|---|---|

Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court finds that these factors weigh in favor of granting Plaintiffs' Motion. In light of the well-pleaded allegations in the Complaint and Defendants' failure to answer or otherwise participate in the action, Plaintiffs' interest in an efficient resolution of the case outweighs Defendants' interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

Here, the Court finds that these factors weigh in favor of granting Plaintiffs' Motion. In light of the well-pleaded allegations in the Complaint and Defendant's failure to answer or otherwise participate in the action, Plaintiffs' interest in an efficient resolution of the case outweighs Defendant's interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

In default, while allegations as to liability are deemed admitted, allegations in the complaint regarding damages are not. Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech, 2008 WL 2468486, at *8 (N.D. Cal. June 17, 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2.

Plaintiffs seek unpaid fringe benefit contributions pursuant to the applicable collective bargaining agreements. In addition to unpaid contributions, Plaintiffs seek additional remedies

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-221 PA (GJSx) | Date | September 9, 2019 |
|---|---|---|---|
| Title | Board of Trustees of the Cal. Ironworkers Field Pension Trust, et al. v. Precision Steel - Post Tension, LLC | | |

including liquidated damages, prejudgment interest, and attorneys' fees and costs as provided for in the collective bargaining agreements and 29 U.S.C. § 1132(g)(2)..  Specifically, Plaintiffs seek unpaid contributions of $1,428.45, liquidated damages of $954.09, prejudgment interest of $93.16, attorneys' fees pursuant to the formula provided in Local Rule 55-3 of $547.57, and costs of $1,025.00, for a total monetary judgment against Defendant of $4,048.27.  Having reviewed the Complaint and evidence filed in support of Plaintiffs' Motion for Default Judgment, the Court concludes that Plaintiffs are entitled to these amounts.

Plaintiffs additionally request that the Court include in its Judgment an order requiring that "Defendant shall submit to Plaintiffs its books and records for February 2018 to present." Because Plaintiffs have moved for the Court to issue a Judgment in the amount of $4,048.27, an order requiring Defendant to comply with an audit for additional amounts that Defendant potentially owes to Plaintiffs for the time period covered by the Judgment suggests that either the accounting Plaintiff seeks is not necessary, because the Judgment terminates this action and would preclude a further recovery for the claims included in the Complaint, or Plaintiffs are considering seeking to amend the Court's Judgment at a later date to obtain additional damages from Defendant.  Under either of those scenarios, the Court's issuance of the Judgment Plaintiffs have requested risks prolonging this action in a manner that would violate the "one final judgment rule."  The one final judgment rule cautions against piecemeal disposition of a case. "[T]he final judgment rule promotes efficient judicial administration [because] . . . [i]mmediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense."  Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430, 105 S. Ct. 2757, 2760, 86 L. Ed. 2d 340 (1985).  The rule's intent is to avoid "having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'"  Id. (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265, 102 S. Ct. 3081, 3082, 73 L. Ed. 2d 754 (1982)).  If Plaintiffs required pre-judgment discovery, they should have obtained the appropriate relief through the Federal Rule of Civil Procedure's discovery mechanisms and Local Rule 37.  For these reasons, the Court will not include the accounting order Plaintiffs requested in the Judgment it issues.

For all of the foregoing reasons, the Court concludes that Plaintiffs are entitled to the monetary Judgment they seek against Defendant.  The Court therefore grants, in part, Plaintiffs' Motion for Default Judgment.  Plaintiffs are also entitled to postjudgment interest at the rate determined by law from the date of entry of the Judgment until the date the Judgment is paid in full.  See 28 U.S.C. §1961(a).  The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED.